IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, A NATIONAL BANKING ASSOCIATION AND A CITIZEN OF DELAWARE;<br><br>Plaintiff,<br><br>vs.<br><br>VALERIE VANDER MOLEN,<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:17-CV-00867 |

## **MEMORANDUM ORDER**

**Cynthia Reed Eddy, United States Magistrate Judge.**

On August 8, 2017, Plaintiff PNC Bank, National Association filed an "emergency motion to compel Defendant to provide further responses to interrogatories and request for production, withdraw objections, and produce documents." (ECF No. 31). Plaintiff's Rule 37 certification attached to the motion states that the following:

> Counsel has met the meet and confer obligations under Fed. R. Civ. P. 37(a) to attempt to resolve in good faith regarding the discovery matters that are the subject of Plaintiff's motion, but was unsuccessful in reaching a resolution. Plaintiff's counsel sent Defendant's counsel a latter of Thursday, August 3, 2017 attached as Exhibit 5 to Plaintiff's motion, identifying the deficiencies stated in this motion and requesting that 1) Defendant identify what was unclear about the identified interrogatories and requests for production and produce Defendant's document production by Friday, August 4, 2017; and 2) Defendant provide supplemental responses to the identified interrogatories and requests for production and document production by Monday, August 7, 2017. Defendant. . . .

*Id.* at 13.

1

Contrary to what Plaintiff has asserted in its certification, the Court concludes that Plaintiff's practice of sending this single letter to the Defendant and demanding that she respond by the next day does not satisfy the "good faith" requirement embodied in Rule 37. *See Mutual Indus., Inc. v. American Int'l Indus.*, 2013 WL 3716516, *8 (E.D. Pa. 2013) ("Plaintiff's single letter, without more, does not constitute a good-faith effort to confer with opposing counsel."). Indeed, the Court concludes that Plaintiff's August 3, 2017 letter "is a poor substitute for a face to face meeting or at the very least a telephonic conference," especially in this case where the parties are on an expedited discovery track. *Katiroll Co., Inc. v. Kati Roll and Platters Inc.*, 2014 WL 12634921, *2 (D.N.J. 2014).

Although, in light of the other pending motions, there has not been a case management conference in this case, the undersigned includes the following requirement in every case management order:

> If a discovery dispute occurs, prior to filing any discovery motions, the parties shall first meet and confer in an attempt to resolve the dispute. If the matter is still unresolved after meeting and conferring, then the parties shall jointly contact Chambers for purposes of scheduling a telephone conference with the Court.[1]

The basis for and structure of this requirement is aptly set forth in *Katiroll*:

> While not explicitly stated in the Local Rule, the purpose of requiring parties to present discovery disputes via telephone conference call or letter is to give the Court the opportunity to address same or at least determine if the dispute can be addressed without motion practice. While [the movant] submitted letters to the Court, it did not receive the Court's authorization to file the aforementioned motions. In case it was unclear, going forward, such practice is not acceptable. Formal discovery motions in this matter may not be filed without the Court's consent.

---

[1] *See* http://www.pawd.uscourts.gov/content/cynthia-r-eddy-magistrate-judge ("JOINT PROPOSED CASE MANAGEMENT ORDER 7/25/2017" under the "Chambers Procedures" tab).

*Katiroll*, 2014 WL 12634921, at *1.

The Court acknowledges, however, that Plaintiff was likely unaware of this requirement prior to filing its "emergency" discovery motion. Accordingly, the Court enters the following Order.

**AND NOW**, this 9th day of August, 2017, it is hereby **ORDERED** as follows:

1. No later than **5:00 p.m. today**, the parties shall conduct a telephone conference on the pending discovery disputes and resolve as many discovery disputes as possible.

2. To the extent that any discovery disputes remain after the parties' telephone conference, Defendant shall file her response to the pending discovery motion by **August 10, 2017.**

3. A telephone conference with the undersigned is preliminarily scheduled with the parties for **August 11, 2017 at 10:30 a.m.** Because of other existing scheduling matters, the telephone conference must conclude at or before 11:00 a.m.

                                                              By the Court:

                                                              s/ Cynthia Reed Eddy
                                                              Cynthia Reed Eddy
                                                              United States Magistrate Judge

cc: all registered users of CM-ECF